Argued and submitted October 5, defendant directed to release plaintiff with instructions October 18, 1988

In the Matter of the Application of
## WILLIAM JOSEPH BROPHY,
*Plaintiff,*

*v.*

## BURKS,
*Defendant.*

(SC S35597)

762 P2d 1017

Dorothy J. Morey, Eugene, filed the petition and argued the cause on behalf of the plaintiff.

Brenda J Peterson, Assistant Attorney General, Salem, filed the memorandum in opposition and argued the cause on behalf of the defendant. With her on the memorandum were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, Linde, Campbell, Jones and Gillette, Justices, and Van Hoomissen, Justice pro tempore.

GILLETTE, J.

## GILLETTE, J.

This is an original *habeas corpus* case under Article VII (Amended), section 2, of the Oregon Constitution. Plaintiff is a prisoner in the Lane County Jail, awaiting trial on a felony charge. Defendant, the Sheriff of Lane County, operates the jail. Plaintiff alleges that he is entitled to immediate release from jail pursuant to ORS 136.290(1), which requires release of persons held pending trial for longer than sixty days. We agree, and direct that he be released.[1]

Plaintiff was arrested on July 7, 1988, pursuant to an indictment charging him with unlawful possession and manufacture of a controlled substance. He has been incarcerated since that time in defendant's custody. On July 11, the court appointed counsel to represent plaintiff; trial was set for September 1, 1988. On July 12, counsel was given a police report relating to plaintiff's case. The report mentioned a potential witness, Kathleen Cowan. Sometime during the week prior to the scheduled trial date, the State subpoenaed Cowan to testify against plaintiff. Cowan was another client of plaintiff's counsel. Both Cowan and plaintiff agreed to counsel's continued representation of plaintiff, but counsel, after consulting with the District Attorney's office, concluded that his position was untenable and that he could not continue to represent plaintiff.

On September 1, 1988—the date set for trial —counsel appeared in court and asked to withdraw. The Deputy District Attorney who was present concurred: "I don't see he's got any choice." The trial judge then asked whether plaintiff wished to proceed to trial without an attorney, to which he replied that he was not "up on the law." The court allowed counsel's motion to withdraw.

On September 8, 1988, new counsel was appointed to represent plaintiff. The new counsel also found it necessary to

---

[1] This case was set specially for hearing on Wednesday, October 5, 1988. This court immediately thereafter ordered that defendant release plaintiff within the next twenty-four hours, unless his release had otherwise been directed under ORS 136.290(2), discussed *post*. Our order indicated that this opinion would follow in due course. In spite of the passage of time, we write in the present tense in order to avoid stylistic anomalies.

withdraw but, before doing so, he filed a motion seeking plaintiff's release under the 60-day rule of ORS 136.290(1). The trial court denied the motion, explaining,

> "You were denied [release under the statute] because the postponement [after initial counsel withdrew] was on the facts presented to me with the consent of you, and the 60-day rule now does not apply."

Plaintiff then brought the present proceeding. We issued the writ and set the matter for an expedited hearing.

The parties agree that two statutes provide the legal setting in which the present controversy is to be resolved. ORS 136.290 provides:

> "(1) Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant.

> "(2) If a trial is not commenced within the period required by subsection (1) of this section, the court shall release the defendant on the own recognizance of the defendant, or in the custody of a third party, or upon whatever additional reasonable terms the court deems just * * *."

The companion statute, ORS 136.295, sets forth certain exceptions to the requirement that a prisoner's trial be commenced within 60 days of his arrest. Relating to the present case, it provides:

> "(3) Any reasonable delay resulting from examination or hearing regarding the defendant's mental condition or competency to stand trial, or resulting from other motion or appeal by the defendant, shall not be included in the 60-day period."

Two possible justifications for the failure to release plaintiff exist: (1) Plaintiff "consented" to the extension of time, under ORS 136.290(1), or (2) the delay is due to some "other motion or appeal" by plaintiff under ORS 136.295(3). Defendant candidly acknowledges that he cannot rely on the first of these justifications, because plaintiff nowhere expressly consented to the delay, and any consent under ORS 136.290 must, by the plain terms of the statute, be "express."

Defendant does argue, however, that the 60-day rule of ORS 136.290 does not apply because the trial was continued

as the result of a "motion * * * by the [plaintiff]." He reasons as follows:

> "Attorneys ethically are required to take certain action which the Bar recognizes as being necessary to protect the client's interests, even though the client may not recognize the action as being in the client's best interests at the time. Disqualification based on a conflict of interest is such an action. * * * A motion to disqualify on these grounds would, accordingly, be on behalf of the client, even if made without the client's express consent. * * * [Counsel's] motion to withdraw from representation of plaintiff should be deemed a motion by plaintiff, ORS 136.295(3), and, as a result, plaintiff is not entitled to release under ORS 136.290."

To this argument could be added the idea that the statutory scheme appears to contemplate two kinds of delay—that occasioned by the state (which generally does not toll the 60-day requirement), and that occasioned by the defendant (which does toll it).

We disagree. While the statutes suggest that, as a general proposition, the legislature expected any delay to originate from one of these two sources, that assumption turns out to be incorrect. There is at least one other potential source of delay: the withdrawal of an attorney who is still the choice of his client but is compelled by ethical considerations to step aside. It is true that being relieved of counsel *may* benefit plaintiff—but it also may hurt his cause, because the withdrawn counsel may have had particular skills and insights to bring to the trial.

In any event, the obligation to step aside was that of the lawyer, whatever his client's wishes. If it was his honest belief that the exercise of his independent professional judgment in representing plaintiff would be adversely affected by his representation of another, he was required to withdraw. *See* DR 5-105. To attribute the resulting delay to plaintiff, when he had no power to influence the event, would be contrary to the idea implicit in the language of ORS 136.295(3). Counsel's action in withdrawing—whatever its effect on plaintiff's ability to receive a fair trial—was not the result of a delay "resulting from * * * [a] motion * * * by the [plaintiff]."

The trial judge erred in concluding that the delay in plaintiff's trial beyond the 60-day limit of ORS 136.290(1) was

excused because it was the result of a "motion * * * by the [plaintiff]." No other legal excuse was applicable.

Defendant is directed to release plaintiff unless, prior to 4:00 p.m. on Thursday, October 6, 1988, the trial court has released him under one of the circumstances provided in ORS 136.290(2).